1  FREUND & BRACKEY LLP
   Thomas A. Brackey II (SBN 157357)
2       *tbrackey@freundandbrackey.com*
   Stephen P. Crump (SBN 251712)
3       *scrump@freundandbrackey.com*
   Joshua G. Zetlin (SBN 273086)
4       *jzetlin@freundandbrackey.com*
   427 North Camden Drive
5  Beverly Hills, CA 90210
   Tel: 310-247-2165
6  Fax: 310-247-2190

7  Attorneys for Defendants,
        GLORIA HINOJOSA and
8       AMSEL, EISENSTADT, FRAZIER & HINOJOSA TALENT AGENCY

                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | ITN FLIX, LLC, a Utah limited liability      | Case No.: CV14-8797-ODW-RZx
   | company; and GIL MEDINA, an
12 | individual;                                  | **NOTICE OF MOTION AND MOTION
                                                  | TO STAY THE ENTIRE ACTION
13 |          Plaintiffs,                         | PENDING BINDING ARBITRATION
                                                  | PURSUANT TO 9 U.S.C. § 3, OR, IN
14 |   v.                                         | THE ALTERNATIVE, TO DISMISS
                                                  | THE COMPLAINT UNDER
15 | GLORIA HINOJOSA, an individual;              | FEDERAL RULES OF CIVIL
   | AMSTEL, EISENSTADT, FRAZIER &                | PROCEDURE 12(b)(6) AND 8(a)(2)**
16 | HINOJOSA TALENT AGENCY, a
   | California corporation; ROBERT               | Date:    March 2, 2015
17 | RODRIGUEZ, an individual; MACHETE            | Time:    1:30 p.m.
   | KILLS, LLC, a Texas limited liability        | Ctrm.:   11
18 | company; EL CHINGON, INC., a Texas
   | corporation; TROUBLEMAKER
19 | STUDIOS, L.P., a Texas limited
   | partnership; QUICK DRAW
20 | PRODUCTIONS, LLC, a Texas limited
   | liability company; MACHETE'S CHOP
21 | SHOP, INC., a Texas corporation;
22 |          Defendants.

23         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24         PLEASE TAKE NOTICE THAT on March 2, 2015 at 1:30 p.m. in Courtroom 11

25 of the U.S. District Court for the Central District of California, located at 312 North Spring

26 Street, Los Angeles, California 90012, Defendants GLORIA HINOJOSA ("Hinojosa") and

27

28

i
NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

AMSEL, EISENSTADT, & FRAZIER, A TALENT & LITERARY AGENCY, INC.
("Talent Agency") will and hereby do move the Court to stay this action pending binding
arbitration under 9 U.S.C. § 3 and/or this Court's inherent power to control its docket, or,
in the alternative, to dismiss this Complaint pursuant to Federal Rule of Civil Procedure
12(b)(6) for failure to state a claim upon which relief may be granted and pursuant to
Federal Rule of Civil Procedure 8(a)(2) for failure to state a short and plain statement of
Plaintiffs' claims.

This motion is filed subsequent to a telephonic discussion concerning the motion in
December of 2014 and is supported by the accompanying declaration of Stephen P.
Crump, the exhibits thereto, as well as any further evidence or arguments the Court may
allow.

DATED: January 16, 2015                          FREUND & BRACKEY LLP


                                      By:   /Stephen P. Crump/
                                            Thomas A. Brackey,
                                            Stephen P. Crump,
                                            Joshua G. Zetlin
                                            Attorneys for Defendants
                                            GLORIA HINOJOSA and
                                            AMSEL, EISENSTADT,
                                            FRAZIER & HINOJOSA
                                            TALENT AGENCY

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................1

II.     FACTUAL BACKGROUND.............................................................3

III.    LEGAL ARGUMENT.........................................................................6

    A.    **This Entire Matter Should Be Stayed Pending the Conclusion of the Arbitration Between Plaintiffs and Trejo.**............................................6

    B.    **Each Cause of Action Against Hinojosa and AEFH Should Be Dismissed On the Grounds That the Contracts Purporting to Form the Basis For Plaintiffs' Rights are Too Vague to be Enforced.**.....................9

        1.    *The Acting Agreement.*................................................10

        2.    *The MLA.*.......................................................................10

    C.    **Each Cause of Action Against Hinojosa and AEFH Should Be Dismissed On the Grounds the Contracts Purporting to Form the Basis For Plaintiffs' Rights are Unenforceable Restraints on Trade.**.....................11

        1.    *The Acting Agreement.*................................................12

        2.    *The MLA.*.......................................................................13

    D.    **ITN Fails to State a Claim for Tortious Interference With Prospective Economic Relations Against Hinojosa and AEFH Under Either California or Utah Law.**.....................................................14

        1.    *As There is No Conflict Between Utah and California Law Regarding Tortious Interference, Plaintiffs' Utah Claim is Superfluous and Should Be Dismissed and/or Stricken Under Rule 12.*...................................................15

        2.    *Plaintiffs Have Failed to Allege How the Alleged Disruption of the Wozniak Relationship Damaged Them.*.............................17

        3.    *Plaintiffs Have Failed to Allege Any Film Distributor or Exhibitor Relationships With Probable Economic Benefit.*.............................18

iii

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

        4.     *Plaintiffs Have Failed to Allege How Hinojosa and/or AEFH Interfered With Any Film Distributor or Exhibitor Relationships.*.18

E.   **The Fifth, Sixth and Ninth Causes of Action for Unjust Enrichment, Violation of Lanham Act Section 43(a) and Negligence are Preempted by the Copyright Act to the Extent They are Based on Defendants' Alleged Conspiracy to Release "Machete" Without Plaintiffs' Authorization.**....19

F.   **A Cause of Action for Unjust Enrichment Does Not Exist Under California Law.**....................................................................20

G.   **The Ninth Cause of Action for Negligence Should Be Dismissed For Failure to State A Claim Because no Special Relationship is Alleged to Support a Duty of Care.**..........................................................21

H.   **The Action Should Be Dismissed For Failure to Comply With Federal Pleading Standards Under Rule 8(a)(2).**....................................22

IV.   **CONCLUSION**.........................................................................23

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

## TABLE OF AUTHORITIES

**CASES**

*Amisil Holdings Ltd. v. Clarium Capital Mgmt., LLC*
    622 F. Supp. 2d 825 (N.D. Cal. 2007)..................................................................7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)...........................................................................................23

*Ballard v. Corinthian Colleges, Inc.*
    2006 U.S. Dist. LEXIS 57699 (W.D. Wash. Aug. 16, 2006)................................6–7

*Beech Aircraft Corp. v. Sup. Ct.*
    61 Cal. App. 3d 501 (1976)................................................................................15

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)...........................................................................................23

*Bischoff v. DirecTV, Inc.*
    180 F. Supp. 2d 1097 (C.D. Cal. 2002)................................................................9

*Branch v. Tunnell*
    14 F.3d 449 (9th Cir. Cal. 1994).....................................................................9 n.1

*Buckaloo v. Johnson*
    14 Cal. 3d 815 (1975).......................................................................................16

*Casey v. Olson*
    2010 U.S. Dist. LEXIS 93222 (S.D. Cal. Sept. 7, 2010).......................................16

*Chamberlain v. Augustine*
    172 Cal. 285 (1916).....................................................................................12, 14

*Cheramie v. HBB, LLC*
    545 Fed. Appx. 626 (2013)................................................................................21

*Della Penna v. Toyota Motor Sales, USA*
    11 Cal. 4th 376 (1995)......................................................................................16

*///*

v

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

*Edwards v. Arthur Anderson LLP*

  44 Cal. 4th 937 (2008).......................................................................................11

*Ellis v. Klaff*

  96 Cal. App. 2d 471 (1950).................................................................................9

*Falk v. General Motors Corp.*

  496 F. Supp. 2d 1088 (N.D. Cal. 2007)............................................................21

*Fallon v. Locke, Liddell & Sapp, LLP*

  2007 U.S. Dist. LEXIS 76828 (N.D. Cal. Oct. 2, 2007).....................................8

*Gordon Termite Control v. Terrones*

  84 Cal. App. 3d 176 (1978)................................................................................14

*Hill v. GE Power Sys., Inc.*

  282 F.3d 343 (5th Cir. 2002)...........................................................................6, 7

*Homedics, Inc. v. Valley Forge Ins. Co.*

  315 F.3d 1135 (9th Cir. 2003)...........................................................................16

*Hurtado v. Sup. Ct.*

  11 Cal. 3d 574 (1974)..................................................................................15, 16

*Jogani v. Sup. Ct.*

  165 Cal. App. 4th 901 (2008)............................................................................21

*KGB, Inc. v. Giannoulas*

  104 Cal. App. 3d 844 (1980).............................................................................12

*Kodadek v. MTV Networks*

  152 F.3d 1209 (9th Cir. Cal. 1998).............................................................19, 20

*Kolani v. Gluska*

  64 Cal. App. 4th 402 (1998)..............................................................................14

*Landis v. N. Am. Co.*

  299 U.S. 248 (1936).............................................................................................8

*///*

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

1  *Leigh Furniture & Carpet Co. v. Isom*

2      657 P.2d 293 (Utah 1982).......................................................................16

3  *Leyva v. Certified Grocers of California, Ltd.*

4      593 F.2d 857 (9th Cir. 1979)...................................................................8

5  *Marsh v. Burrell*

6      805 F. Supp. 1493 (N.D. Cal. 1992).......................................................15

7  *McGhee v. Arabian Am. Oil Co.*

8      871 F.2d 1412 (9th Cir. 1989)...............................................................15

9  *McHenry v. Renne*

10     84 F.3d 1172 (9th Cir. 1996).................................................................22

11 *Melchior v. New Line Prod., Inc.*

12     106 Cal. App. 4th 779 (2003).........................................................20, 21

13 *Moses H. Cone Hosp. v. Mercury Constr. Corp.*

14     460 U.S. 1 (1983).................................................................................8

15 *Muggill v. Reuben H. Donnelley Corp.*

16     62 Cal. 2d 239 (1965)..........................................................................14

17 *Marsh v. Burrell*

18     805 F. Supp. 1493 (N.D. Cal. 1992).......................................................

19 *Narayan v. EGL, Inc.*

20     616 F.3d 895 (9th Cir. 2010).................................................................15

21 *Nevijel v. North Coast Life Ins. Co.*

22     651 F.2d 671 (9th Cir. Wash. 1981)..................................................22, 23

23 *Richards v. Stanley*

24     43 Cal.2d 60 (1954).............................................................................21

25 *Robinson & Wilson, Inc. v. Stone*

26     35 Cal. App. 3d 396 (1973)...................................................................9

27 ///

28

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

*Roth v. Rhodes*

    25 Cal. App. 4th 530 (1994)........................................................................18

*Schauf v. Southern Cal. Edison Co.*

    243 Cal. App. 2d 453 (1966)......................................................................21

*Schmidt v. Herrmann*

    614 F.2d 1221 (9th Cir. Was. 1980)...........................................................23

*Seto v. Thielen*

    519 Fed. Appx. 966 (9th Cir. Haw. 2013)..................................................22

*T-Mobile United States, Inc. v. Montijo*

    2012 U.S. Dist. LEXIS 176236 (W.D. Wash. Dec. 11, 2012)....................6

*Top Service Body Shop, Inc. v. Allstate Ins. Co.*

    582 P.2d 1365 (Or. 1978)...........................................................................16

*Youst v. Longo.*

    43 Cal. 3d 64 (1987)..................................................................................16

**STATUTES**

California Business & Professions Code

    Section 16600.............................................................................................11

    Sections 16601–16603...............................................................................11

California Civil Code

    Section 1598.................................................................................................9

Federal Rules of Civil Procedure

    Rule 8(a)(2).........................................................................................

United States Code

    Title 17

        Section 106........................................................................................19

        Section 301........................................................................................19

*///*

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

**SECONDARY SOURCES**

Restatement Second Torts

Section 766B...........................................................................................................16

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

This dispute arises from a failed business relationship between a self-proclaimed movie producer, Gil Medina and his erstwhile friend and unwitting mark, well-known actor Danny Trejo.  Though the Complaint itself is a meandering pleading, laden with invective, the facts it purports to advance are the very same facts plaintiffs advanced in a federal lawsuit in Utah, which was dismissed for lack of jurisdiction over a year ago.

More importantly, *these same facts and claims are now being arbitrated before the Honorable Diane Wayne.*  And while not all the parties named in this action are presently in the arbitration, the very same common nucleus of operative facts and legal claims will be conclusively determined in that proceeding.

According to the Complaint, in 2006 novice Utah film producer Medina presented two contracts to A-list Hollywood star Danny Trejo that purported to give Medina complete control of Trejo's career.  One of these contracts contained a binding arbitration provision and thus, when the dispute inevitably manifested, Trejo demanded arbitration by which he seeks a judicial declaration that these contracts—the very ones at issue in this case—are unenforceable.  The arbitrator is set to rule on a motion for summary adjudication this month and has scheduled a plenary hearing for June 2015 if the case is allowed to proceed.

For these reasons, this matter should be stayed in its entirety pending the outcome of the arbitration.  Indeed, this lawsuit threatens to trammel the authority of the arbitrator, and if allowed to proceed would wholly undermine the federal policy in favor of arbitrating disputes.  The present circumstances pose a clear risk of inconsistent rulings insofar as the very same facts and legal issues will be decided by the arbitrator and then, presumably, put to a jury in this case.  This is a textbook example of a judicial proceeding that should be stayed pending the outcome of a related arbitration proceeding.

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

1    In the event this Court decides not to exercise its discretion to stay the matter, and

2   elects to consider the merits of this Complaint a dismissal is warranted.

3    The Complaint fails on its face to state any claims upon which relief may be granted

4   in this jurisdiction.  First of all, the contracts upon which Plaintiffs base their claims are

5   simply too vague to be enforceable and clearly represent unlawful restraints of trade in

6   violation of California law.  And since Plaintiffs assert a contractual relationship with

7   Trejo that is essentially unenforceable, they cannot seek tort relief against Defendants for

8   interference based on this relationship.

9    Plaintiffs have also failed to allege third-party relationships sufficient to support a

10  tortious interference claim under California (and Utah) law and have failed to allege that

11  their purported relationship with the Wozniaks was disrupted.  What is more, to the extent

12  Plaintiffs allege that Defendants violated their exclusive right to produce a Trejo "vigilante

13  character" by conspiring to release the film "Machete" these claims are preempted by the

14  Copyright Act.

15   Plaintiffs' claim for unjust enrichment is improper in that such a cause of action

16  does not exist in California.   Finally, Plaintiffs' cause of action for negligence presumes

17  that it is reasonable for an agent to have an affirmative duty to advocate for and protect the

18  rights of third-party producers.  Since agents cannot possibly have such a special

19  relationship with both their clients *and the producers with whom their clients do business*

20  without violating their client's confidences, they cannot be found negligent to Plaintiffs for

21  breaching such a duty.

22   Moreover, Federal Rule 8(a)(2) mandates a Complaint must state a "short and plain

23  statement" of the claims.  Here the Complaint is a confused, stream-of-conscious narrative,

24  which obfuscates the factual basis of its claims.  It is not a defendant's job to surmise and

25  deduce what is being pled; rather it is the Plaintiff's job to plead those claims through a

26  "short and plain statement."  Plaintiffs have failed to meet that burden.

27

28

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

All told, even assuming this Court decides to evaluate the merits of Plaintiff's Complaint and opts not the stay the matter, the Complaint fails in every material respect to state a claim or to even constitute a judicially cognizable pleading.

For these reasons—should the Court decide not to stay this matter pending arbitration—the Complaint should be dismissed pursuant to 12(b)(6) and/or Rule 8(a)(2).

## II.    FACTUAL BACKGROUND

This action arises from an alleged contractual relationship (dubbed the "VIGILANTE/TREJO FILM FRANCHISE" in the Complaint) between Plaintiffs and motion picture actor Danny Trejo concerning the planned release of a series of "vigilante" style action movies originally entitled "Jack's Law," and later "Vengeance."  (*See* Docket No. 1, Complaint at ¶¶ 22, 24–25).  In the instant lawsuit for tortious interference, unjust enrichment, unfair competition and negligence, Plaintiffs allege that Defendants Hinojosa and AEFH, Trejo's talent agents, conspired with Defendant Robert Rodriguez and several related production entities, to copy and interfere with Plaintiffs' "Vengeance" franchise by releasing two films entitled "Machete" and "Machete Kills."  (*Id.* at ¶¶ 30–33).  Plaintiffs further allege that Hinojosa and AEFH: (1) interfered with an alleged digital marketing campaign for the Vengeance franchise featuring Steve Wozniak, the co-founder of Apple (*Id.* at ¶¶ 47–50) by notifying him that Plaintiffs did not have a valid contractual relationship with Trejo (*Id.* at ¶ 57); and (2) interfered with Plaintiffs' relationships with "potential exhibitors and distributors" of the initial Vengeance film.  (*Id.* at ¶¶ 51–52, 90, 95).  Plaintiffs allege that as a result of Defendants' actions, their plans to market and release "Vengeance" were "damaged" and that they lost "millions of dollars in revenues." (*Id.* at ¶¶ 52, 63).

Plaintiffs allege their relationship with Trejo is memorialized by "at least two written documents, one dated April 25, 2006 and another dated July 22, 2006."  (*Id.* at ¶ 25).  Though not included with the Complaint, these documents are attached to this Motion in the Declaration of Stephen P. Crump as Exhibits 2 and 3, respectively.  The April 25,

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

3
NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

2006 document is titled a "Master License Agreement" (the "MLA") and the July 22, 2006 document is titled "Agreement and Contract" between Medina and Trejo (the "Acting Agreement").

The Acting Agreement states Trejo agrees to "be the starring actor in the 'Jack's Law' films 1-5." (*See* Declaration of Stephen Crump ("Crump Decl.") at Ex. 3 (Acting Agreement) at p. 1). Jack's Law was to be the first film of a planned vigilante motion picture franchise for which Medina was to be the writer, director and producer. (*See* Complaint at ¶¶ 22, 24–25). This decidedly simplistic contract sets forth basic payment terms for Trejo's performances in each film in the "Jack's Law" franchise and contains what appears to be a liquidated damages provision if Trejo "breeches" [*sic*] the agreement. (*See* Acting Agreement at p. 2). The Agreement purports to prohibit Trejo from "play[ing] any vigilante characters that may hurt the 'Jack's Law' films/properties or any films that may be similar to 'Jack's Law' to the public." (*See id.* at p. 1).

The MLA, apparently entered several months prior to the Acting Agreement, purports to be a *carte blanche* license between Trejo and "ITN, LLC" to use Trejo's name and likeness in connection with "all categories of goods and services." (*See* Crump Decl. at Ex. 2 (MLA), p. 1 ¶¶ 1–2). This document consists of a two-page agreement regarding the "Basic Business Terms" (defined as the "Main Agreement") as well as a six-page "Standard Terms and Conditions." In the Main Agreement, the MLA identifies an entity named "ITN, LLC" as the Licensor, and Danny Trejo as the Licensee. (*Id.* at p. 1).

In the Main Agreement section, the MLA states that the Licensee (Trejo) is to pay Licensor (ITN, LLC) a "royalty" of five percent of any and all proceeds from the use of his name and likeness over an eleven (11) year term, later interlineated to eight (8) years. (*See id.* p. 1). The Main Agreement fails to state whether the license is exclusive or non-exclusive.

The Standard Terms and Conditions, however, in contrast to the Main Agreement, define *ITN, LLC* as the Licensee and *Danny Trejo* as the Licensor. And while they state

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

the terms of the Main Agreement govern any inconsistency between the two components, they further provide that "*[u]nless otherwise defined herein*, Capitalized Terms used in these Standard Terms and Conditions shall have the meanings ascribed to them in the Main Agreement." (*See id.* at p. 3, ¶ 1) (emphasis added).

The Standard Terms and Conditions of the MLA state that Licensor (now defined as Trejo) granted Licensee (now defined as ITN, LLC):

> "[T]he irrevocable, unconditional and exclusive right to use the Property for the Term in connection with the development, design, manufacture, sale, distribution, publicizing, advertising, marketing, promotion and exploiting of the Licensed Products for distribution within the Territory . . . ." (*See id.* at p. 3 ¶ 2).

The Licensed Products are defined in the Main Agreement as "any products and services (*i.e.*, all categories of goods and services" related to the "name . . . , image, likeness, signature, endorsement, and voice of the celebrity Danny Trejo." (*See id.* at p. 1, ¶¶ 1–2). The Standard Terms and Conditions require that the Licensee (ITN, LLC) pay Licensor the five percent royalty *for its use* of Trejo's name, image and likeness on a quarterly basis and keep written statements of account. (*See id.* at p. 3–4 ¶¶ 3(a), (c), (d)).

The MLA contains an integration clause stating that the agreement "represents the sole and entire agreement between the parties hereto, and supersedes all prior representations, negotiations, promises, understandings or agreements, whether oral or written, between the parties with respect to the subject matter hereof," (*Id.* at p. 9 ¶ 12(q)) and an arbitration provision stating that "[a]ny claim or controversy arising out of related to this Agreement, including the issue of arbitrability of any such claim or controversy, shall be resolved solely and completely by mandatory, final, binding and non-appealable arbitration." (*Id.* at p. 8 ¶ 12(g)).

After Plaintiffs attempted to bring a substantially identical action based on these agreements against Defendants in Utah in January 29 of 2013, (*ITN Flix, LLC v.*

*Rodriguez, et al.*, USDC District of Utah Case No. 1:13-cv-00022-DBP), the Utah District Court dismissed the matter for lack of personal jurisdiction (*Id.*, Docket No. 146).

On April 10, 2014, Trejo filed a demand for arbitration with JAMS against Plaintiffs under the terms of the MLA, seeking a declaration regarding the "existence, scope, efficacy, legality and enforceability of the [MLA] as well as the parties' rights, duties and obligations thereunder," as well as claims for fraudulent inducement and tortious interference on the part of Plaintiffs related to the MLA.  (Crump Decl. at ¶ 2, Ex. 1).  Trejo has filed a motion for summary adjudication on the grounds that the MLA and Acting Agreement are unenforceable as a matter of law, set to be heard on January 29, 2015.  (*Id.* at ¶ 3).  The plenary hearing on the remaining triable issues is set for June 9-11 before the Honorable Diane Wayne (Ret.).  (*Id.*).

**III.    LEGAL ARGUMENT**

   **A.    This Entire Matter Should Be Stayed Pending the Conclusion of the Arbitration Between Plaintiffs and Trejo.**

This matter should be stayed pending the outcome of binding arbitration between Plaintiffs and Trejo, signatories of the MLA, pursuant to both the Federal Arbitration Act (the "FAA") and this Court's inherent power to control its docket.

This Court has two available grounds under the circumstances to place a stay on the instant litigation in deference to the ongoing arbitration between Plaintiffs and Trejo.

First, if a lawsuit against a non-signatory (here Hinojosa and AEFH, along with remaining Defendants) *is based upon the same operative facts and is inherently inseparable from a claim against a signatory to an arbitration agreement*, the district court has discretion under the FAA to grant a stay if continuing the suit would *undermine the arbitration proceedings and thwart the federal policy in favor of arbitration.  Hill v. GE Power Sys., Inc.,* 282 F.3d 343, 347 (5th Cir. 2002) (cited by *T-Mobile United States, Inc. v. Montijo*, 2012 U.S. Dist. LEXIS 176236 at *16–17 (W.D. Wash. Dec. 11, 2012) (granting stay); *Ballard v. Corinthian Colleges, Inc.,* 2006 U.S. Dist. LEXIS 57699 at *6

6

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

1  (W.D. Wash. Aug. 16, 2006) (granting stay); *Amisil Holdings Ltd. v. Clarium Capital*

2  *Mgmt., LLC*, 622 F. Supp. 2d 825, 842 (N.D. Cal. 2007) (citing with approval)).

3      In *Hill*, a power company brought an action against its financial advisor for

4  tortiously interfering with prospective business relations with its former partner and third

5  parties, among other claims. *Id.* at 345–346.  Though the plaintiff did not have an

6  arbitration agreement with the financial advisor, it had a written contract and arbitration

7  provision with its former partner. *Id.*  Plaintiff alleged that the financial advisor acted in

8  concert with its former partner to sabotage its contract and other prospective business

9  relations. *Id.* at 348.  The Fifth Circuit held that permitting the plaintiff's suit to go

10  forward against the advisor at the same time as an arbitration would "undermine the

11  arbitration proceedings between [plaintiff] and [its former partner], thereby thwarting the

12  federal policy in favor of arbitration"—and affirmed a stay of litigation until the arbitration

13  could conclude. *Id.*

14      At present, Plaintiffs allege Hinojosa and AEFH interfered with their contractual

15  relationships with the Wozniaks and potential exhibitors and distributors of their Trejo

16  "vigilante film." (Complaint at ¶¶ 89–100).  Plaintiffs further assert unjust enrichment and

17  unfair competition under the Lanham Act and negligence based on the allegation that

18  Hinojosa and AEFH had an "affirmative duty" to notify third parties about ITN's

19  agreement with Trejo. (*Id.* at ¶¶ 101–108, 112–116).  Crucially, each of these claims is

20  based, at least in large part, on ITN's alleged exclusive right to Trejo's name and likeness

21  under the MLA. (*See id.* at ¶¶ 42, 57).

22      Hinojosa and AEFH's allegedly wrongful acts and omissions—making false

23  representations to third-parties concerning ITN's relationship with Trejo, conspiring with

24  Rodriguez et al. to interfere with ITN's exclusive rights to Trejo, and failing to notify

25  third-parties of ITN's rights—all are intimately tied with a determination that ITN has

26  enforceable rights under the MLA in the first place.  If ITN does not in fact possess the

27  exclusive rights it says it does—then the release of "Machete" and Hinojosa's alleged

28

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

*Freund & Brackey LLP*
*427 North Camden Drive*
*Beverly Hills, CA 90210*

representations regarding Trejo's contractual relationships cannot be wrongful.  This is precisely the issue currently being decided before JAMS in the pending arbitration between Trejo, ITN and Medina.  Proceeding with this litigation and allowing Plaintiffs to pursue tort claims based on the MLA (and the Acting Agreement) before the arbitrator can rule on their validity undermines the arbitration process and thwarts the federal policies behind the FAA.  The entire matter should be stayed on this ground alone.

As an additional basis for staying this litigation, this Court can also look to its inherent power to control its docket.  A district court may exercise its discretion under this ground to stay litigation against non-signatories to an arbitration agreement pending the outcome of an active arbitration.  *See Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936).  A party seeking a stay on these grounds "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 25.  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  A court need not speculate on the outcome of arbitration or resolve the question of collateral estoppel to determine whether a stay is appropriate.  *Fallon v. Locke, Liddell & Sapp, LLP*, 2007 U.S. Dist. LEXIS 76828 at *10 (N.D. Cal. Oct. 2, 2007).

In this case, a stay is unlikely to work damage on Plaintiffs.  They have already been engaged in arbitration with Trejo concerning the legitimacy and enforceability of the agreements upon which they base their claims since April of 2014.  A stay of the instant proceedings will not impact their ability to obtain a ruling from arbitrator by June of this year, at the latest (when the arbitration hearing is currently scheduled).  For this reason, a stay would be of a reasonably finite length in order to allow the arbitration to conclude.  On the other hand, regardless of the preclusive effect of the arbitrator's ruling, a failure to

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

8
NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

1  stay this action based on the agreements at issue in the arbitration may lead to inconsistent

2  findings which will hinder the pursuit of judicial efficiency in general.  *See Bischoff v.*

3  *DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1114–1115 (C.D. Cal. 2002)).

4      For these reasons, this action should be stayed pending the resolution of the

5  arbitration.

6      **B.**    **Each Cause of Action Against Hinojosa and AEFH Should Be Dismissed**

7          **On the Grounds That the Contracts Purporting to Form the Basis For**

8          **Plaintiffs' Rights are Too Vague to be Enforced.**

9      As the scope of the rights and obligations under the Acting Agreement and MLA,

10  the written agreements allegedly forming the basis for the "VIGILANTE/TREJO FILM

11  FRANCHISE," are not defined sufficiently enough to provide a court with a rational basis

12  for the assessment of damages, they are fatally uncertain and incapable of enforcement

13  under California law.  Thus, they cannot provide the basis for Plaintiffs' tort claims.[1]

14      California Civil Code section 1598 provides that "[w]here contract has but a single

15  object, and such object is . . . so vaguely expressed as to be wholly unascertainable, the

16  entire contract is void."  "Although the terms of a contract need not be stated in the

17  minutest detail, it is requisite to enforceability that it must evidence a meeting of the minds

18  upon the essential features of the agreement, and that *the scope of the duty and limits of*

19  *acceptable performance be at least sufficiently defined to provide a rational basis for the*

20  *assessment of damages*."  *Robinson & Wilson, Inc. v. Stone*, 35 Cal. App. 3d 396, 407

21  (1973) (citing *Ellis v. Klaff*, 96 Cal. App. 2d 471, 478 (1950)) (emphasis added).

22      The key terms of both agreements that are the subject of this action are fatally

23  vague and incapable of enforcement:

24  *///*

25

---

26  [1] The Ninth Circuit has held that "documents whose contents are alleged in a complaint and whose
authenticity no party questions, but which are not physically attached to the pleading, may be considered in

27  a ruling on a Rule 12(b)(6) motion to dismiss" without converting it into a motion for summary judgment.
*Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds).

28

*Freund & Brackey LLP*
*427 North Camden Drive*
*Beverly Hills, CA 90210*

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

1

### 1.    *The Acting Agreement.*

The key provision in the Acting Agreement Plaintiffs attempt to enforce in this litigation dictates that actor Danny Trejo cannot appear in features as a "vigilante character" or films similar to the "Jack's Law" [now "Vengeance"] franchise "to the public." (*See* Crump Decl. Ex. 3 at p. 1).  The contract fails, however, to provide any guidance as to what exactly a "vigilante character" is and the threshold of similarity to constitute a breach.

An amorphous promise not to appear in features as a "vigilante character" or films similar to the "Jack's Law" franchise "to the public" cannot rise to the level of a contractual duty.  For example, by what standard would a court or a jury determine that Trejo acted in a role that is considered to be a "vigilante" or in a film that is "similar" to Jack's Law?  Is Trejo also prohibited from playing a vigilante's trusted friend and sidekick?[2]  A hitman for a CIA agent?[3]  A contract killer?[4]  These are all roles which Trejo has performed in that could arguably be defined as vigilante characters and/or films but which otherwise have no apparent plot similarities to Jack's Law, in which an ex-cop seeks revenge for his dead wife.  Indeed, the nature of the Trejo's obligation, so vaguely defined in the Acting Agreement, provides no rational method for determining whether Trejo is in breach of the Agreement in the abstract.  It should fail on this basis alone, and Plaintiffs should be foreclosed from seeking tort claims based on this agreement.

### 2.    *The MLA.*

The MLA is rife with inconsistencies to the point of rendering it impossible to form the basis of a contractual relationship.  A host of inconsistently defined terms and suspicious interlineations leave Trejo unable to ascertain the entity with which he purportedly contracted, and which contracted party owes obligations to the other.

---

[2] *Inferno* (1999), http://en.wikipedia.org/wiki/Inferno_(1999_film), starring Jean-Claude van Damme, co-starring Danny Trejo.
[3] *Once Upon a Time in Mexico* (2003), http://en.wikipedia.org/wiki/Once_Upon_a_Time_in_Mexico.
[4] *The Replacement Killers* (1998), http://en.wikipedia.org/wiki/The_Replacement_Killers.

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

First and foremost, the MLA, which purports to be *an eight-year license of Trejo's celebrity identity*, was executed by an entity (ITN, LLC) that apparently does not exist in any jurisdiction.  The MLA goes on to define Trejo as the "Licensee" in the Main Agreement (the heads of terms), yet it identifies him as the "Licensor" in the signature block and in Paragraph 1 of the Standard Terms and Conditions.  (*Compare* Crump Decl. Ex. 2 p. 1 ¶ 1 *with* p. 3 ¶ 1).  As a result, it is unclear whether ITN, LLC owes Trejo a five percent (5%) royalty for its licensed use of Trejo's name and likeness, or if Trejo owes ITN, LLC a five percent (5%) commission on all uses of his name and likeness.  (*Id.* p. 3 ¶ 3(a)).

The Main Agreement, which supposedly set forth the specific terms of the arrangement, is notably silent as to the exclusivity of this license, while in contrast the Standard Terms and Conditions states the license is in fact exclusive.  (*Compare id.* p. 1 *with* p. 3 ¶ 2).  (The MLA provides that the Main Agreement is to control in any inconsistency).  (*Id.* p. 3 ¶ 1).  Taken as a whole, these inconsistencies in a purported the material terms of which are virtually unascertainable.  With the combination of facial inconsistencies as to the scope of the MLA, it cannot form the basis for tort relief.

**C.  Each Cause of Action Against Hinojosa and AEFH Should Be Dismissed On the Grounds the Contracts Purporting to Form the Basis For Plaintiffs' Rights are Unenforceable Restraints on Trade.**

In California, "[e]very contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600; *see id.* §§ 16601–16603.  California courts have "consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility," and such a law protects "the important legal right of persons to engage in businesses and occupations of their choosing." *Edwards v. Arthur Anderson LLP*, 44 Cal. 4th 937, 946 (2008).

*Freund & Brackey LLP*
*427 North Camden Drive*
*Beverly Hills, CA 90210*

Both the Acting Agreement and the MLA blatantly violate this long-enshrined California policy on their face.

### 1. The Acting Agreement.

The Acting Agreement, for one, contains a broad prohibition preventing Trejo from playing "*any* vigilante characters that may hurt the 'Jack's Law' films/properties," as well as appearing in "*any* films that *may* be similar to 'Jack's Law' to the public." (*See* Crump Decl. Ex. 3, p. 1) (emphasis added). The provision contains no temporal or geographic limitations, fails to define what a "vigilante character" is and fails to define what "may" constitute a film similar to 'Jack's Law' "to the public."

The case of *KGB, Inc. v. Giannoulas*, 104 Cal. App. 3d 844 (1980), involves analogous facts. In *KGB*, a radio station sought an injunction to enforce a contractual non-compete provision prohibiting a performer from appearing anywhere in a chicken outfit similar to one which he wore while serving as the station's mascot. *Id.* at 846–847. Citing Business and Professions Code section 16600, the Court of Appeals held that such an injunction, even when tailored to a specific type of "chicken" mascot performance, invalidly restricted the performer's "vital right" to earn a living and to express himself as an artist. *See id.* at 847–850. Notably this restriction did not hamper the performer's right to perform as any mascot, but restricted his right to perform as a specific type of mascot. This too, was an invalid restraint of trade under California's broad statutory ban. *Id.*; *see also Chamberlain v. Augustine*, 172 Cal. 285, 289 (1916) ("The statute makes no exception in favor of contracts only in partial restraint of trade.")

Here, the contractual provision is arguably even broader than the injunction sought in *KGB*. Not only is Trejo prevented from appearing as a particular category of character-type (the "vigilante"), he is prevented from appearing in any films adjudged under some undefined "public" standard to be similar to the film "Jack's Law"—which could arguably include non-vigilante roles. It is impossible to determine what engagements Medina would consider to be a breach of the contract. Given that this chills Trejo's rights to

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

engage in his primary profession without first consulting Medina, this vague, broadly written provision is an invalid restraint of trade under California and the entire agreement is void and unenforceable.  It follows then that Plaintiffs cannot base tort claims for interference with this agreement.

### 2.  *The MLA.*

Similar to the Acting Agreement, the MLA contains a broad covenant not to compete:

> "Licensor hereby grants to Licensee the irrevocable, unconditional and exclusive right to use the Property [The name (including all derivations and abbreviations thereof), image, likeness, signature, endorsement, and voice of the celebrity Danny Trejo] for the Term [8 years] in connection with the development, design, manufacture, sale, distribution, publicizing, advertising, marketing, promotion and exploiting of the Licensed Products [all goods and services] for distribution within the Territory [Worldwide]." (Crump Decl. Ex. 2 p. 3 ¶ 2).

> "During the Term, Trejo shall not endorse, advertise, lend his name or likeness to, or otherwise become associated with *any* other product or service." (*Id.* p. 5 ¶ 6(e)) (emphasis added).

Assuming the silence of the heads of terms implies an exclusive license,[5] the MLA purportedly gives ITN, LLC the exclusive right to use Trejo's name, image, likeness and voice in connection with every good and service under the sun—including motion pictures—in effect denying Trejo the right to seek his own employment in the *entire entertainment business* for a total of eight (8) years without paying ITN, LLC a toll for doing so.  The provision does not contain any reasonable limitation on scope of work, and no geographical limitation.

In addition, the MLA on its face gives *Plaintiffs the exclusive right to receive payment for Trejo's services and pay him therefor.*  (*Id.* Ex. 2 ¶ 3).  This essentially forces

---

[5] Actually, the silence of the Main Agreement portion of the MLA implies a non-exclusive license.  In copyright law, for example, an exclusive license is a property right that can only be conveyed in a specific writing.  If the MLA is ultimately determined to be non-exclusive, as it should be, then Defendants would not be acting in violation of Plaintiffs' rights.

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

Trejo into a modern-day indentured servitude, where his ability to pursue any engagement—or payment for that engagement—is subject to Respondents' whim.

As set forth many years ago in the *Chamberlain* case, California's broad restriction on covenants not to compete does not leave an exception open for *partial* restraints of trade.  *See supra* subsection (C)(1).  Thus, charging a fee or commission to a party for engaging in his trade or profession is as much of a violation as an outright prohibition. *Gordon Termite Control v. Terrones*, 84 Cal. App. 3d 176, 179 (1978) (requirement that defendant to pay plaintiff $50 per solicited pest removal account invalid); *accord Chamberlain*, 172 Cal. at 288 (agreement to pay liquidated damages to the purchasers if employee worked for a competitor invalid); *Muggill v. Reuben H. Donnelley Corp.*, 62 Cal. 2d 239, 243 (1965) (same, agreement to forfeit pension rights).  Moreover, a party may not simply seek to "reform" a restraint of trade by construing it more narrowly in its allegations or arguments to the court.  *See Kolani v. Gluska*, 64 Cal. App. 4th 402, 407–408 (1998) (holding that trial court properly concluded that it should not rewrite a broad covenant not to compete into a narrower bar on theft of confidential information).  As the MLA constitutes an unenforceable restraint on trade, Plaintiffs should be foreclosed from basing their tort claims against Hinojosa and AEFH thereon.

**D.** **ITN Fails to State a Claim for Tortious Interference With Prospective Economic Relations Against Hinojosa and AEFH Under Either California or Utah Law.**

In their causes of action for intentional interference with economic advantage, Plaintiffs allege Hinojosa and AEFH interfered with "existing and prospective economic relationships with a probability of future benefit, including without limitation with the Wozniaks, and potential exhibitors and distributors of the VIGILANTE/TREJO FILM." (Complaint at ¶¶ 95–97).[6]

---

[6] Similarly, in their fourth claim for relief for intentional interference with economic relations under Utah common law, Plaintiffs allege that Hinojosa and AEFH interfered with "actual and/or prospective

14

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

As an initial matter, Plaintiffs' cause of action under Utah common law should be stricken as superfluous.  As Utah and California base their claims for economic interference on the same jurisprudence, there is no conflict of law and the Court should apply forum law under California conflicts analysis.

Substantively, Plaintiffs fail to allege an actionable tortious interference claim against Hinojosa and/or AEFH on the basis of either purported relationship.  In the case of their alleged relationship with the Wozniaks, Plaintiffs fail to allege how they were harmed as a result of Defendants' interference.  In the case of their alleged relationships with "potential exhibitors and distributors" of Jack's Law, Plaintiffs have utterly failed to allege: (1) a viable prospective relationship with said exhibitors and distributors; and (2) how Hinojosa and/or AEFH interfered with these relationships, even if any were adequately alleged.

> ### 1. *As There is No Conflict Between Utah and California Law Regarding Tortious Interference, Plaintiffs' Utah Claim is Superfluous and Should Be Dismissed and/or Stricken Under Rule 12.*

To determine the applicable substantive law in a case, a federal court sitting in diversity applies the choice-of-law rules of the forum.  *Narayan v. EGL, Inc*., 616 F.3d 895, 898 (9th Cir. 2010).  In California, courts employ a three-part governmental analysis test *carrying a presumption that California law applies.  Marsh v. Burrell*, 805 F. Supp. 1493, 1496 (N.D. Cal. 1992) (citing *Hurtado v. Sup. Ct.*, 11 Cal. 3d 574, 581 (1974) and *Beech Aircraft Corp. v. Sup. Ct.*, 61 Cal. App. 3d 501, 522 (1976)).  Thus, the proponent of a foreign state's law must bear the burden of showing "a compelling reason justifying displacement of California law."  *Id.* (citing *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir. 1989)).

---

economic relationships, including without limitation with the Wozniaks, and potential exhibitors and distributors of the VIGILANTE/TREJO FILM."  (Complaint at ¶¶ 90–91).

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

When neither party identifies a meaningful conflict between California law and the law of another state, there is no conflict and California courts will apply California law as the forum law. *Casey v. Olson*, 2010 U.S. Dist. LEXIS 93222 (S.D. Cal. Sept. 7, 2010) (citing *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003)); *see also Hurtado*, 11 Cal. 3d at 580 ("The fact that two states are involved does not in itself indicate that there is a 'conflict of laws' or 'choice of law' problem.  There is obviously no problem where the laws of the two states are identical.")

Plaintiffs have alleged claims both for "Tortious Interference with Economic Relations" under "Utah Common Law"  (*See* Complaint at ¶¶ 89–93) and "Intentional Interference with Prospective Economic Advantage" under "California Common Law." (*See id.* at ¶¶ 94–100).  To state a claim for tortious interference with prospective economic advantage in California, a plaintiff must prove that: (1) the plaintiff and a third party were in an economic relationship that probably would have resulted in an economic benefit to plaintiff; (2) defendant knew of the relationship; (3) defendant engaged in specific wrongful conduct intended to disrupt the relationship; (4) the relationship was disrupted; and (5) plaintiff was harmed as a result of this conduct. *Youst v. Longo*, 43 Cal. 3d 64, 71 n.6 (1987).

Similarly, in a Utah tortious interference claim, a plaintiff must prove that: (1) the defendant intentionally interfered with the plaintiff's existing or potential economic relations; (2) for an improper purpose or by improper means; (3) causing injury to the plaintiff.  *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 302 (Utah 1982) (citing Rest. 2d Torts § 766B and *Buckaloo v. Johnson*, 14 Cal. 3d 815 (1975)).

In all aspects relevant here, both states follow the same "Oregon" definition of the tort. *See, e.g., Leigh Furniture & Carpet Co.*, 657 P.2d at 302–304 (citing *Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d 1365 (Or. 1978) and discussing history of tort in Utah); *Della Penna v. Toyota Motor Sales, USA,* 11 Cal. 4th 376, 386–392 (1995) (same, in California).

Thus, other than strict syntactical differences in the elements to be pled, there is no discernible difference between California and Utah causes of action for tortious interference with prospective economic relations.  Since there is no conflict of law, this Court should apply California law to Plaintiffs' claims for tortious interference as the forum law.  Plaintiffs' Utah claim is redundant and impertinent and should be stricken from the pleading under Rule 12(f) and/or dismissed on this ground under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 2.     *Plaintiffs Have Failed to Allege How the Alleged Disruption of the Wozniak Relationship Damaged Them.*

With respect to their claim that Hinojosa and AEFH allegedly interfered with their relationship with the Wozniaks, Plaintiffs have failed to allege how Hinojosa's purported statements resulted in damage to them.

Plaintiffs allege that Hinojosa warned the Wozniaks against dealing with Medina (Complaint at ¶ 57) and that these statements eventually led the Wozniaks to "withdraw active marketing and promotional support for the App Game," which was designed to promote Jack's Law, "on a date that was no earlier than November 18, 2012." (Complaint at ¶¶ 50, 61).  However, crucially, the Complaint alleges that the App Game was in fact released several days later on November 22 anyway, and *prominently features the Wozniak's personas, and remains available on iTunes even to this day*." (Complaint at ¶ 61; *see also* ¶ 49) (emphasis added).  According to Plaintiffs' own allegations then, nothing said or done by Hinojosa had any impact on the release of the App Game and the fulfillment of Plaintiffs' agreement with the Wozniaks.  In sum, other than the conclusory assertion that they "lost millions of dollars as a result," (Complaint at ¶ 63), Plaintiffs fail to draw any connection between the Wozniaks' alleged withdrawal of support (which apparently had no impact on the App Game) and any damages.  Any economic interference claim premised on statements to the Wozniaks must consequently fail as pled.

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

### 3. *Plaintiffs Have Failed to Allege Any Film Distributor or Exhibitor Relationships With Probable Economic Benefit.*

With regard to Plaintiffs' so-called relationships with potential film distributors and exhibitors which allegedly fell victim to the interfering acts of Hinojosa and AEFH, the Complaint fails to allege anything substantial enough to form the basis for a tortious interference claim.

In California, a plaintiff asserting a claim for tortious interference must allege more than just a "speculative" relationship with a "future" business partner. *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (1994). In *Roth*, the plaintiff attempted to predicate a tortious interference claim on the loss of potential, future patients. *Id.* Similarly here, Plaintiffs allege that vaguely that they "were able to negotiate potential agreements with theatrical exhibitors and other distributors for a meaningful commercial release of the VIGILANTE/TREJO FILM." (Complaint at ¶ 51). Plaintiffs' "potential relationships" with certain unnamed third-parties does not rise to the level of either an existing contract or a prospective relationship carrying a "probability" of economic benefit. Consequently, like the allegations in *Roth,* this relationship cannot support the basis for a tortious interference claim either.

### 4. *Plaintiffs Have Failed to Allege How Hinojosa and/or AEFH Interfered With Any Film Distributor or Exhibitor Relationships.*

Even if Plaintiffs successfully alleged an economic relationship with the so-called theatrical exhibitors and distributors, they have notably failed to allege anywhere in their lengthy Complaint how Hinojosa or AEFH actually interfered with these relationships.

Plaintiffs allege in paragraph 97 of the Complaint that Hinojosa and AEFH "engaged in conduct amounting to injurious interference with PLAINTIFFS' existing and prospective economic relationships." However, Plaintiffs cannot point to a single act of "specific wrongful conduct" which supports this conclusory allegation.

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

What is more, in the morass of allegations that make up the Complaint, *Plaintiffs fail even to allege that either Hinojosa or AEFH even possessed knowledge about these supposed relationships.*  Indeed, other than the conclusory allegation in paragraph 97, the only mention in the factual allegations is the conclusory statement that Hinojosa "colluded" and "conspired" with Rodriguez to "destroy" Plaintiffs' marketing and release strategy for Jack's Law.  (Complaint at ¶ 55).  Nowhere in the pleading is it alleged how Hinojosa and AEFH interfered with these relationships.  As such, Plaintiffs have failed to state a claim for tortious interference based on their alleged relationships with potential film distributors and exhibitors.

**E.**   **The Fifth, Sixth and Ninth Causes of Action for Unjust Enrichment, Violation of Lanham Act Section 43(a) and Negligence are Preempted by the Copyright Act to the Extent They are Based on Defendants' Alleged Conspiracy to Release "Machete" Without Plaintiffs' Authorization.**

The Copyright Act preempts state law claims when: (1) the state law rights asserted "are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression"; and (2) the work in question "come[s] within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301.

The Copyright Act grants an owner the exclusive right "to reproduce the copyrighted work in copies" and "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106.  Any cause of action based on these rights amounts to the equivalent of a copyright claim.  *Kodadek v. MTV Networks,* 152 F.3d 1209, 1213 (9th Cir. Cal. 1998) (unfair competition claim based on distribution of creative material allegedly infringing on copyright of plaintiff is preempted).

The Copyright Act grants an owner the exclusive right "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," and to authorize third-parties to do the same. 17 U.S.C. § 106.  Any cause of action

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

based on these rights amounts to the equivalent of a copyright claim. *Kodadek*, 152 F.3d at 1213 (9th Cir. Cal. 1998) (unfair competition claim based on distribution of creative material allegedly infringing on copyright of plaintiff is preempted).

At bar, the unfair competition, violation of Lanham Act Section 43(a) and negligence claims merely restate copyright infringement claims to the extent they rely upon an alleged misappropriation of the Trejo vigilante character from "Vengeance". The Complaint alleges in part that Hinojosa and AEFH either copied or created a derivative of Medina's copyrighted "Trejo-centered vigilante franchise," "without dealing with or even contacting [Medina]." (*See* Complaint at ¶¶ 36, 41). This essentially amounts to the unauthorized "tak[ing] the opportunity of a Trejo vigilante action franchise," implicating the exclusive right to prevent others from using a copyright. (*See* Complaint at ¶¶ 35–36, 63-64). Thus, to the extent that Medina alleges personal harm and/or improper benefits accrued by Hinojosa and AEFH from the purportedly unauthorized copying or derivation of the Trejo vigilante character from "Vengeance," Medina inextricably asserts rights equivalent to those within scope of the Copyright Act.

Further, it is well settled that motion pictures fall within the subject matter of copyright. *See Melchior v. New Line Prod., Inc.*, 106 Cal. App. 4th 779, 792 (2003). Through their causes of action for unfair competition, violation of Lanham Act Section 43(a) and negligence, Plaintiffs seek to protect their rights to the "Vengance" motion picture franchise and the characters therein. (*See* Complaint at ¶¶ 35–37, 63). This places the subject matter of the Complaint squarely within that covered by copyright. Accordingly, Plaintiff's sixth, seventh and ninth causes of action should be dismissed under the doctrine of preemption to the extent they assert rights equivalent to those within the general scope of copyright, and pertain to works within the subject matter of copyright.

**F.      A Cause of Action for Unjust Enrichment Does Not Exist Under California Law.**

Plaintiffs' claim for unjust enrichment must also fail because California does not

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

recognize this claim as a stand-alone cause of action, but rather a general principle underlying various doctrines and remedies. *See Jogani v. Sup. Ct.*, 165 Cal. App. 4th 901, 911 (2008) ("Under California law, a claim for unjust enrichment cannot stand alone as an independent claim for relief); *Melchior v. New Line Prod., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *see also Cheramie v. HBB, LLC*, 545 Fed. Appx. 626, 628 (2013) (affirming dismissal under Rule 12(b)(6)); *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1093 (N.D. Cal. 2007) (same).  Hence, Plaintiffs' cause of action for unjust enrichment cannot survive the pleading stage and should be dismissed with prejudice.

**G.**      **The Ninth Cause of Action for Negligence Should Be Dismissed For Failure to State A Claim Because no Special Relationship is Alleged to Support a Duty of Care.**

Plaintiffs base their cause of action for negligence upon Hinojosa and AEFH's alleged breach of duties of care "to inquire with PLAINTIFFS . . . about the nature and meaning of PLAINTIFFS' contractual and economic relationship with PLAINTIFFS" and to "make disclosures to others PLAINTIFFS' rights."  (Complaint at ¶ 113).  However, these affirmative obligations cannot be the basis of a negligence claim as Plaintiffs have failed to allege the requisite special relationship between themselves, Hinojosa and AEFH.

Ordinarily, a person is not liable in tort merely for failure to take affirmative action to assist or protect another, no matter how great the danger in which the other is placed, or how easily he could be rescued, unless there is a *special relationship* between them which gives rise to a duty to act.  *Richards v. Stanley*, 43 Cal.2d 60, 65 (1954); *Schauf v. Southern Cal. Edison Co.*, 243 Cal. App. 2d 453, 463 (1966).

No court in this jurisdiction has held that an agent holds an affirmative duty to inquire with producers about their rights with respect to a client and make disclosures to third-parties about those producer's rights.  Although doubtless a talent agent possesses a special relationship *with her client* leading to such affirmative duties, *it is precisely because of this relationship* that an agent cannot also share such a heightened duty with

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

1   third-parties with whom it negotiates on its client's behalf.  Holding agents to such a duty

2   would constitute a fundamental conflict of interest and chill their effectiveness at procuring

3   employment for their clients.

4         Since Plaintiffs cannot plead a special relationship between themselves and the

5   agents for Danny Trejo, Hinojosa and AEFH, they cannot hold them to an affirmative duty

6   of care such as alleged in the Complaint and their cause of action for negligence should

7   accordingly be dismissed.

8   **H.      The Action Should Be Dismissed For Failure to Comply With Federal**

9          **Pleading Standards Under Rule 8(a)(2).**

10        Regardless of the legal sufficiency of Plaintiffs' claims against Hinojosa and AEFH,

11  the Complaint should be dismissed for failure to satisfy the pleading standards of Fed. R.

12  Civ. P. 8(a)(2).  Rule 8(a)(2) requires a complaint to contain a "short and plain statement

13  of the claim showing that the pleader is entitled to relief."  *See also McHenry v. Renne*, 84

14  F.3d 1172, 1178 (9th Cir. 1996) (a complaint should state each of its claims with

15  simplicity, directness, and clarity).  "Verbose, confusing and almost entirely conclusory"

16  complaints run afoul of this rule.  *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671,

17  674 (9th Cir. 1981) (Ninth Circuit affirmed dismissal of complaint that was 23 pages long

18  with 24 pages of addenda).  Dismissal is warranted when a complaint prevents a defendant

19  from knowing the crux of claims leveled against them.  *Seto v. Thielen*, 519 Fed. Appx.

20  966, 969 (9th Cir. 2013).

21        Here, as in *Nevijel*, the Complaint contains a rambling narrative filled with

22  countless, often conclusory allegations.  Plaintiffs' stream of conscience pleading features

23  numerous single sentences that comprise nearly entire pages of text.  (*See* Complaint at ¶¶

24  46, 58).  Further, the Complaint delves into years of background details that apparently

25  bear no connection to the operative allegations.  (*See id.* at ¶¶ 43–46).  Such a meandering

26  discourse makes it nearly impossible to pinpoint the actions claimed to constitute the

27  alleged injurious conduct.

28

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

22

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

By way of example, the Sixth Claim For Relief purportedly to states a claim for "Unjust Enrichment," but the Complaint rambles through pages and pages of conspiracy theory without articulating why equity supports Defendants owing restitution to Plaintiffs. (*See id.* at ¶¶ 30–46, 55–64).  The Sixth Claim for Relief itself merely contains a single statement that "Defendants have received benefits and unjustly retained them at the expense of Plaintiffs," leaving Hinojosa and AEFH with no way of determining which conduct supposedly caused this alleged harm to arise.  (*Id.* at ¶ 102).

To cite another example, the Fifth Claim of Relief contains the sparse and conclusory allegation that Hinojosa and AEFH "engaged in conduct amounting to injurious interference," forcing Hinojosa and AEFH to parse through nearly thirty pages of narrative to decipher exactly how she interfered with Medina's supposed economic opportunities. (*Id.* at ¶ 97).  As such, the Complaint fails the pleading standard of Rule 8, and thus "stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Accordingly, even if Plaintiffs have pled the requisite elements for their claims to relief (they have not) their claims should be dismissed under Rule 8(a)(2) for failure to state them in a short and plain fashion.  *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (quoting *Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980)).

## IV.   CONCLUSION

For all the foregoing reasons, this matter should be stayed under 9 U.S.C. § 3 pending the arbitration between Plaintiffs and Trejo, or in the alternative, dismissed under Federal Rules of Civil Procedure 12(b)(6) and/or 8(a)(2).

///

///

///

23

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)

1   DATED: January 16, 2015                              FREUND & BRACKEY LLP

2

3                                              By:    /Stephen P. Crump/
                                                      Thomas A. Brackey,
4                                                     Stephen P. Crump,
                                                      Joshua G. Zetlin
5                                                     Attorneys for Defendants
                                                      GLORIA HINOJOSA and
6                                                     AMSEL, EISENSTADT,
                                                      FRAZIER & HINOJOSA
7                                                     TALENT AGENCY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

24

NOTICE OF MOTION AND MOTION TO STAY THE ENTIRE ACTION PENDING BINDING
ARBITRATION PURSUANT TO 9 U.S.C. § 3, OR, IN THE ALTERNATIVE, TO DISMISS
COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 8(a)(2)