O

# United States District Court
# Central District of California

| | |
|---|---|
| ITN FLIX, LLC; GIL MEDINA, <br><br>    Plaintiff, <br><br>    v. <br><br>GLORIA HINOJOSA; AMSTEL, EISENSTADT, FRAZIER & HINOJOSA TALENT AGENCY; ROBERT RODRIGUEZ; MACHETE KILLS, LLC; CHINGON, INC.; TROUBLEMAKER STUDIOS, L.P.; QUICK DRAW PRODUCTIONS, LLC; MACHETE'S CHOP SHOP, INC., <br><br>    Defendants. | Case № 2:14-cv-8797-ODW(RZx) <br><br> **ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES [76] [81]** |

## I. INTRODUCTION

The instant action arises from a business dispute involving independent film producer Gil Medina and tough-guy character actor Danny Trejo. Medina wrote, developed, and promoted the film "Vengeance" starring Trejo. However, Medina and ITN Flix, LLC alleged that the film failed because "Machete" and "Machete Kills" director Robert Rodriguez and talent agent Gloria Hinojosa conspired to prevent its release. Medina and the company filed suit against Rodriguez, Hinojosa, Amstel Eisenstadt, Frazier, & Hinojosa Talent Agency ("AEFH"), Machete Kills, LLC,

Chingon, Inc., Troublemaker Studios, L.P., Quick Draw Productions, LLC, and Machete's Chop Shop, Inc. ("related entity Defendants").

Defendants moved to strike and dismiss the Complaint. The Court granted Defendants' Motions. As a result, Defendants now seek attorneys' fees incurred to obtain dismissal. For the reasons discussed below, the Court **DENIES** Defendants' Motions for Attorneys' Fees.[1] (ECF Nos. 76, 81)

## II.   FACTUAL BACKGROUND

On November 13, 2014, Plaintiffs filed suit against Defendants, alleging: (1) intentional interference with contract; (2) intentional interference with economic relations; (3) intentional interference with prospective economic advantage; (4) intentional interference with economic relations; (5) intentional interference with prospective economic advantage; (6) unjust enrichment; (7) violation of Lanham Act; (8) violation of California Business and Professional Code Section 17200, *et seq.*; and (9) negligence.[2] (Compl. ¶¶ 68–116.)

Defendants Rodriguez and related entity Defendants filed a Motion to Strike Pursuant to California's Anti-SLAPP Statute and a Motion to Dismiss Plaintiffs' Seventh Claim for Violation of Lanham Act Section 43(a), and Defendants Hinojosa and AEFH filed a Motion to Dismiss. (ECF Nos. 32, 34, 36.)

On May 13, 2015, the Court granted all three Motions and dismissed the Complaint. (ECF No. 75.) On May 27, 2015, Plaintiffs appealed the Court's decision to the Ninth Circuit Court of Appeals. (ECF No. 77.) That same day, Defendants Rodriguez and related entity Defendants filed a Motion for Attorneys' Fees as the Prevailing Party on Plaintiffs' Seventh Claim for Violation of Lanham Act Section

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Plaintiffs' third and fifth causes of action are the same, but the third is asserted "against Rodriguez and the Rodriguez entity defendants" and the fifth is asserted against "Hinojosa and AEFH." (*Id.* ¶¶ 83, 96.)

43(a). (ECF No. 76.) Defendants seek attorneys' fees in the amount of $28,066. (A Mot. 2.) On June 15, 2015, Defendants AEFH and Hinojosa filed a Motion for Attorneys' Fees on the same grounds. (ECF No. 81.) Defendants seek attorneys' fees in the amount of $17, 452.13. (B Mot. 2.[3])

### III. LEGAL STANDARD

The Lanham Act permits an award of reasonable attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). However, the Lanham Act does not define what makes a case "exceptional." *Stephen W. Boney v. Boney Services, Inc.*, 127 F.3d 821, 825 (9th Cir. 1997). "Under the Lanham Act, an award of attorney's fees is within the district court's discretion . . . [and] should be reviewed for an abuse of discretion." *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir.1997). The "determination that a trademark case is exceptional is a question of law for the district court, not the jury." *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 656 (9th Cir.2005). According to the Ninth Circuit, [w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant." *Boney*, 127 F.3d at 827; *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615–616 (9th Cir. 2010) (citing *Boney* factors)).

### IV. DISCUSSION

Although Defendants Rodriguez and related entity Defendants and Defendants Hinojosa and AEFH filed separate Motions to Dismiss, the Motions are brought and opposed on the same grounds. Thus, the Court will analyze the Motions together, noting any relevant distinctions when necessary.

Defendants argue that they are entitled to attorneys' fees under the Lanham Act

---

[3] Defendants Rodriguez and related entity Defendants and Defendants Hinojosa and AEFH filed separate Motions for attorneys' fees. The Court distinguishes the two filings by identifying the former's as A and the latter's as B.

3

because Plaintiff's allegations "bore no cognizable resemblance to a viable Lanham Act claim" and "had nothing to do with consumer confusion, trademarks, trade dress, or any other issues that were remotely implicated by the Lanham Act." (A Mot. 7; B Mot. 1.) Defendants reason that, because the Court dismissed Plaintiffs' Complaint, "[t]he Court recognized that there were simply no allegations at all that could have stated a valid claim under the Lanham Act," and thus "this is one of those exceptional circumstances justifying the award of attorney's fees and costs to the prevailing defendants." (A Mot. 8; B Mot. 1.)

Plaintiffs contend that "although they lost, the case is nonetheless not 'exceptional' for purposes of fee shifting." (Opp'n 1.) Plaintiffs defend their decision to bring the claim as objectively reasonable and note that they did not litigate vexatiously, act in bad faith, or refuse to engage opposing counsel prior to motion practice. (*Id*. at 1–2.) Even if the Court finds that the case is "exceptional" for purposes of a possible fee award, Plaintiffs contend that "the Court should still exercise its discretion not to award any fees or to award a reduced amount." (*Id*. at 3.)

In its May 13, 2015 Order, the Court determined that the two contracts between Plaintiffs and Trejo were unenforceable because they constituted unlawful restraints on trade pursuant to California and Utah law. (Order 13.) From this, the Court concluded that Plaintiffs' seventh claim for violation of the Lanham Act could not survive dismissal because Defendants' alleged liability was premised on a failure to disclose Plaintiffs' unenforceable contractual rights. This was the extent of the Court's basis for dismissing Plaintiffs' seventh claim for violation of the Lanham Act.

Contrary to Defendants' assertions, the Court did not conclude that Plaintiffs' allegations "bore no cognizable resemblance to a viable Lanham Act claim" and "had nothing to do with consumer confusion, trademarks, trade dress, or any other issues that were remotely implicated by the Lanham Act." The Court did not even conclude that Plaintiffs' position as to the enforceability of the contracts was groundless,

unreasonable, vexatious, or pursued in bad faith. *Boney*, 127 F.3d at 827; *Love*, 611 F.3d at 615–616 (9th Cir. 2010) (citing *Boney* factors)).

## V. CONCLUSION

Therefore, the Court finds that the rationale articulated in its May 13, 2015 Order for dismissing Plaintiff's seventh claim for violation of the Lanham Act does not provide a proper basis to conclude that the instant action is "exceptional" for purposes of awarding attorneys' fees. For the reasons discussed above, the Court **DENIES** Defendants' Motions for Attorneys' Fees. (ECF Nos. 76, 81.)

**IT IS SO ORDERED.**

July 29, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**