# United States District Court
# Central District of California

| | |
|---|---|
| ITN FLIX, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GLORIA HINOJOSA, et al., <br><br> Defendants. | Case №: 2:14-CV-08797-ODW (AGRx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR RULING ON DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE [116]; AND GRANTING, IN PART, DEFENDANTS' MOTION TO STRIKE [34]** |

## I. INTRODUCTION

Presently before the Court are Rodriguez Defendants'[1] Motion for a Ruling on Anti-SLAPP Motion ("Motion for Ruling") (ECF No. 116) and Motion to Strike Pursuant to California Anti-SLAPP Statute ("Anti-SLAPP Motion") (ECF No. 34). For the reasons that follow, the Court **GRANTS** the Motion for Ruling and **GRANTS, IN PART**, the Anti-SLAPP Motion.[2]

---

[1] Plaintiffs ITN Flix, LLC and Gil Medina ("Plaintiffs") sued two groups of defendants in this action, the "Rodriguez Defendants" and the "Hinojosa Defendants." (*See* Compl., ECF No. 1.) "Rodriguez Defendants" include Robert Rodriguez and production companies Machete Kills, LLC; El Chignon, Inc.; Troublemaker Studios, L.P.; and Quick Draw Productions, LLC. "Hinojosa Defendants" include Gloria Hinojosa and Amstel, Eisenstadt, Frazier & Hinojosa Talent Agency. Hinojosa Defendants are not party to these motions.

[2] Having carefully considered the papers filed in connection with the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The parties are familiar with the extensive factual and procedural background, and the Court does not detail it again here. The Court described the factual history of this matter at length in its order granting Defendants' motions to dismiss and strike and incorporates that background by reference. (*See* Order Granting Defs.' Mots. to Dismiss ("Order MTD") 2–7, ECF No. 75.)

In November 2014, Plaintiffs filed this action asserting nine causes of action against various Defendants premised on written agreements purporting to restrict actor Danny Trejo's publicity rights and acting services. (*See generally* Compl.) In May 2015, the Court dismissed Plaintiffs' Complaint, finding, among other things, that the written exclusive agreements were unenforceable as unlawful restraints on trade. (Order MTD 14.) The Court also granted Rodriguez Defendants' Motion to Strike but did not award attorneys' fees. (Order MTD 18.) Plaintiffs appealed the grant of the motions, and Rodriguez cross-appealed the failure to award attorneys' fees. (Notices of Appeal, ECF Nos. 77, 79.)

On April 4, 2017, the Ninth Circuit issued its decision. *ITN Flix, LLC v. Hinojosa*, 686 F. App'x 441 (9th Cir. 2017). The Ninth Circuit affirmed dismissal of the Complaint, finding that the written exclusive agreements were void as unlawful restraints on trade. *Id.* at 443–45. However, the Ninth Circuit found that Plaintiffs should have been granted limited leave to amend as to two causes of action. *Id.* at 444–45. Regarding the Anti-SLAPP[3] Motion, the Ninth Circuit found that the Court erred "by analyzing the anti-SLAPP motion brought under Cal. Civ. Proc. Code § 425.16(b)(1) as a motion to strike pleadings under Federal Rule of Civil Procedure 12(f)." *Id.* at 445. Accordingly, it vacated the grant of the anti-SLAPP motion and remanded for reconsideration. *Id.* The Ninth Circuit issued its Mandate on August 16, 2017. (Mandate, ECF No. 92.)

---

[3] "SLAPP" refers to Strategic Lawsuit against Public Participation. *Baral v. Schnitt*, 1 Cal. 5th 376, 381 n.1 (2006).

On October 29, 2018, Plaintiffs filed their First Amended Complaint ("FAC"). (FAC, ECF No. 93.) The Court addresses Defendants' subsequent motions to dismiss and/or strike the FAC in a separate order, issued concurrently. Rodriguez Defendants also moved for a ruling on their earlier Anti-SLAPP Motion. (*See* Mot. Ruling.) Rodriguez Defendants' Anti-SLAPP Motion was fully briefed in 2015 (*see* ECF Nos. 34, 47, 71) and their Motion for Ruling on the Anti-SLAPP Motion is fully briefed at this time (*see* ECF Nos. 116, 123, 129). Accordingly, the Court now reconsiders Rodriguez Defendants' Anti-SLAPP Motion.

### III. LEGAL STANDARD

California's anti-SLAPP statute allows defendants to make a special motion to strike a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1); *see also Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's Anti-SLAPP statute in federal cases"). An act qualifies for protection under this statute if it falls within one of four categories, two of which are relevant here:

> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e). The anti-SLAPP statute must be construed broadly. *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010); *Rand Res., LLC v. City of Carson*, 6 Cal. 5th 610, 619 (2019).

Anti-SLAPP motions are evaluated under a two-step procedure. *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1119 (9th Cir. 2017). First, a court determines whether "the defendant has shown the challenged cause of action 'aris[es] from' activity taken 'in furtherance' of the defendant's right to petition or free speech." *Id.*

(alteration in original). "If so, the burden shifts to the plaintiff to show 'a [reasonable] probability of prevailing on the challenged claims.'" *Id.* (alteration in original) (quoting *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010)); *see also Baral*, 1 Cal. 5th at 396 (summarizing the showing and findings required). "If the plaintiff cannot meet the minimal burden of stating and substantiating a legally sufficient claim, the claim is stricken pursuant to the statute." *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188–89 (9th Cir. 2017) (alterations and quotation marks omitted). Courts must consider the pleadings and affidavits in making this determination. Cal. Civ. Proc. Code § 425.16(b)(2); *see also Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

### IV. DISCUSSION

Rodriguez Defendants move to strike certain causes of action, arguing that they all arise from conduct protected by the anti-SLAPP statute, specifically Rodriguez Defendants' expressive conduct of "creation, production, and distribution of the *Machete* films." (Anti-SLAPP Mot. 11.) Plaintiffs respond that this is only "part of the story," and that Rodriguez Defendants also "frustrat[ed] Plaintiffs' ability to engage in their own expressive conduct competitive with Rodriguez's." (Opp'n Anti-SLAPP Mot. 11 ("Opp'n Anti-SLAPP"), ECF No. 47.) By this, Plaintiffs appear to refer to Plaintiffs' allegation that Rodriguez Defendants pressured Trejo not to work with Plaintiffs on *Vengeance*. (*See* Opp'n Anti-SLAPP 7; Compl. ¶ 54; Decl. of Gil Medina ¶ 108; ECF No. 47-1.)

**A. "Arising from" Protected Activity**

Rodriguez Defendants must "make a prima facie showing that each cause of action . . . arises from activity [taken] in furtherance of" the right to petition or of free speech in connection with a public issue or an issue of public interest. *Safari Club*, 862 F.3d at 1119 (alterations and internal quotation marks omitted) (citing Cal. Civ. Proc. Code § 425.16(b)(1)). "[T]he critical consideration is whether the cause of action is *based on* the defendant's protected conduct." *Id.* at 1119–20 (alteration in

original) (internal quotation marks omitted). "[A]n anti-SLAPP motion may strike distinct claims within a cause of action, even if the entire cause of action is not subject to anti-SLAPP." *Jordan-Benel*, 859 F.3d at 1189 n.4 (citing *Baral*, 1 Cal. 5th at 382 (holding that mixed-claims are subject to the special motion to strike to the extent they are supported by allegations consisting of protected conduct)).

Thus, the Court first identifies Rodriguez Defendants' conduct underlying the challenged causes of action and then determines whether that conduct was in furtherance of the exercise of Rodriguez Defendants' rights of free speech in connection with a matter of public interest. *See Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 142–43 (2011).

*1.    Claims at Issue*

Rodriguez Defendants challenge Plaintiffs' first, second, third, sixth, eighth, and ninth causes of action. (Notice of Anti-SLAPP Mot. 1, ECF No. 34.) These causes of action are: (1) intentional interference with contract; (2) intentional interference with economic relations under Utah law; (3) intentional interference with prospective economic advantage; (6) unjust enrichment; (8) unfair competition; and (9) negligence. (*See* Compl.)

Although Rodriguez Defendants contend the challenged causes of action arise primarily from the creation of the *Machete* films, Plaintiffs appear to assert a second theory, that Rodriguez Defendants pressured Trejo to stop working with Plaintiffs notwithstanding the written agreements. (Opp'n Anti-SLAPP 7.) Under the first theory, Plaintiffs allege that Rodriguez Defendants: cast Trejo in *Machete* (Compl. ¶ 41); produced *Machete* to undermine Plaintiffs' *Vengeance* project (Compl. ¶ 36); and released *Machete Kills* after wrongfully eliminating the competition, *Vengeance* (Compl. ¶ 64). As to the second theory, Plaintiffs assert one allegation that Trejo told Plaintiffs that Rodriguez Defendants pressured Trejo to stop working with Plaintiffs on *Vengeance*. (Compl. ¶ 54.) Plaintiffs allege that, by these theories, Rodriguez Defendants induced Trejo to breach the written exclusive agreements; interfered with

the prospective release and success of *Vengeance*; reaped the benefits of *Vengeance's* lack of success; and breached a duty allegedly owed to Plaintiffs to protect Plaintiffs' business interests concerning Trejo and *Vengeance*.

Having identified the challenged causes of action, supporting theories, and alleged activity at issue, the next question is whether that activity was in furtherance of Rodriguez Defendants' free speech rights.

### 2. *In Furtherance of the Exercise of Free Speech Rights*

As noted, Rodriguez Defendants' initial burden is to show that Plaintiffs' challenged causes of action arise from conduct in furtherance of activity protected by the anti-SLAPP statute. *Safari Club*, 862 F.3d at 1119. "An act is in furtherance of the right of free speech if the act helps to advance that right or assists in the exercise of that right." *Tamkin*, 193 Cal. App. 4th at 143. The anti-SLAPP statute expressly recognizes four categories of protected conduct, two of which Rodriguez Defendants invoke here: "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," and "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code §§ 425.16(e)(3) & (e)(4). Rodriguez Defendants need only show the conduct underlying each cause of action falls within one protected category. *Safari Club*, 862 F.3d at 1121.

Rodriguez Defendants move to strike the challenged causes of action on the basis that they arise from "expressive conduct in connection with the production and exhibition of the movies 'Machete' and 'Machete Kills.'" (Notice of Anti-SLAPP Mot. 1.) They are correct that such expressive conduct falls within the ambit of the Anti-SLAPP statute's protections, but they fail to address Plaintiffs' allegation that Rodriguez Defendants pressured Trejo to stop working with Plaintiffs, which is not.

Under California law, the creation, production, and distribution of entertainment such as television or film are activities in furtherance of the exercise of the right to

free speech, and thus protected under the anti-SLAPP statute. *See Tamkin*, 193 Cal. App. 4th at 143; *see also Zacchini v. Scripps-Howard Broad. Co.*, 433 U.S. 562, 578 (1977) ("There is no doubt that entertainment, as well as news, enjoys First Amendment protection."); *Wilder v. CBS Corp.*, No. 2:12-cv-8961-SVW-RZ, 2016 WL 693070, at *10–11 (C.D. Cal. Feb. 13, 2016) (finding the production and distribution of a television show to be in furtherance of the right to free speech).

Further, the parties do not dispute that the *Machete* films are matters of public interest. A matter of public interest may be "conduct [that] concerns a person or entity in the public eye," "conduct that could directly affect a large number of people," or "a topic of widespread, public interest." *Rand Res.*, 6 Cal. 5th at 621 (internal quotation marks omitted); *see also Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008) (discussing that an issue of public interest is "any issue in which the public is interested"). *Machete* was released on over 2600 theater screens domestically, named as one of the top 100 domestic grossing films in 2010, and nominated for numerous awards. (Anti-SLAPP Mot. 5; Decl. of Robert Rodriguez ("Decl. Rodriguez") ¶ 19, ECF No. 34-26.) In 2013, *Machete Kills* was similarly released on over 2500 screens domestically. (Decl. Rodriguez ¶ 19.) As such, it is clear that the films directly affected a large number of people and that the public was interested. Thus, activities advancing the creation, production, and distribution of the *Machete* films, including casting Trejo, are actions in furtherance of the exercise of free speech in connection with an issue of public interest and subject to the anti-SLAPP statute.

Rodriguez Defendants do not address Plaintiffs' second theory underlying their claims, that Rodriguez Defendants pressured Trejo not to work with Plaintiffs on *Vengeance*. Such conduct does not further the exercise of free speech rights as it does nothing to advance the creation, distribution, or production of the *Machete* films. Thus, to the extent that Plaintiffs' causes of action arise from this theory that Rodriguez Defendants pressured Trejo not to work with Plaintiffs on *Vengeance*, the conduct is not protected by the anti-SLAPP statute.

Rodriguez Defendants have met their burden to show that the challenged causes of action arise, in part, from the protected activity of creation, production, and distribution of the *Machete* films. Accordingly, the burden shifts to Plaintiffs to show a reasonable probability of prevailing on the challenged causes of action.

## B. Reasonable Probability of Prevailing

"[I]n cases involving allegations of both protected and unprotected activity, the plaintiff is required to establish a probability of prevailing on any claim for relief based on allegations of protected activity." *Baral*, 1 Cal. 5th at 395. The unprotected activity is disregarded. *Id.* at 396. To show a probability of prevailing on the challenged claims, "plaintiff[s] must demonstrate that the complaint is both legally sufficient *and* supported by a sufficient prima facie showing of facts to sustain a favorable judgment" if the plaintiffs' evidence is credited. *Safari Club*, 862 F.3d at 1122 (emphasis added). As this requirement is in the conjunctive, where the plaintiff does not demonstrate a legally sufficient claim, no factual showing will be sufficient.

"[W]hen an anti-SLAPP motion to strike challenges only the *legal sufficiency* of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) (emphasis added), *amended*, 897 F.3d 1224 (9th Cir. 2018). Plaintiffs contend the Court should treat this Motion as a factual challenge, meaning Plaintiffs must be allowed discovery before the Court rules. (*See* Opp'n Mot. Ruling 11, ECF No. 123 (citing *Planned Parenthood*, 890 F.3d at 834 ("[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the [Rule] 56 standard will apply" and discovery must be allowed.)).) However, Plaintiffs concede the Anti-SLAPP Motion was fully-briefed in 2015, including Plaintiffs' evidentiary support. (Opp'n Mot. Ruling 1.) Plaintiffs also concede that "the merits of the pleading sufficiency challenge have already been decided. . . . Rodriguez Defendants did win on the pleadings." (Opp'n Mot. Ruling 12.) "All that really remains . . . is whether the claims which were

decided by the pleading sufficiency challenge (which was *all* of the claims) were claims arising out of protected activity subject to the [a]nti-SLAPP statute." (Opp'n Mot. Ruling 12.) Thus, Plaintiffs appear to concede that they cannot make a showing of legal sufficiency.

The Court previously dismissed Plaintiffs' Complaint under Rule 12(b)(6); the Ninth Circuit affirmed with limited leave to amend as to two causes of action; and the Court, in a concurrently-issued order, dismisses the two remaining amended claims under Rule 12(b)(6) without leave to amend. In light of the above and this procedural posture, the Court proceeds with Rodriguez Defendants' Anti-SLAPP Motion as to only the *legal sufficiency* of Plaintiffs' Complaint under Rule 12(b)(6), and does not consider any factual challenge the motion may have raised.

*1.    First Cause of Action*

Plaintiffs' first cause of action is for intentional interference with contractual relations. As the first of five elements on this cause of action, a plaintiff must allege facts sufficient to establish a valid contract between plaintiff and a third party. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). The Court previously dismissed this cause of action for failure to state a claim, finding the alleged written contracts void as unlawful restraints on trade. (Order MTD 14.) The Ninth Circuit affirmed, with limited leave to amend. *ITN Flix*, 686 F. App'x at 443–44. Following Plaintiffs' amendment, the Court again found Plaintiffs' first cause of action fails to state a claim under Rule 12(b)(6). Accordingly, the Court finds that Plaintiffs cannot establish a probability of prevailing on their first cause of action.

*2.    Second and Third Causes of Action*

Plaintiffs' second and third causes of action are essentially the same, but under different state laws, Utah and California. The second cause of action is for intentional interference with economic relations under Utah law. The Ninth Circuit affirmed dismissal of the second cause of action as duplicative of the third. *Id.* at 445. This Court previously dismissed the third cause of action for intentional interference with

prospective economic advantage under California law and the Ninth Circuit affirmed, finding Plaintiffs' allegations insufficient to state a claim. *Id.* at 444. Accordingly, the Court finds that Plaintiffs cannot establish a probability of prevailing on their second or third causes of action.

### 3. Sixth, Eighth, and Ninth Causes of Action

Plaintiffs also cannot establish a probability of prevailing on their sixth cause of action for unjust enrichment, eighth cause of action for unfair competition, and ninth cause of action for negligence. The Court previously dismissed these causes of action without leave to amend. (Order 15–18.) Plaintiffs appear to have not raised the sixth and eighth causes of action on appeal, as the Ninth Circuit did not address them. The Ninth Circuit affirmed dismissal of the ninth cause of action for negligence "because [Plaintiffs] identified no special relationship with any Defendant that creates a duty of care owed to [them]." *ITN Flix*, 686 F. App'x at 445. Accordingly, the Court finds that Plaintiffs cannot establish a probability of prevailing on their sixth, eighth, or ninth causes of action.

## C. Conclusion as to Anti-SLAPP Motion

Rodriguez Defendants have shown that the challenged causes of action arise in large part from activity taken in furtherance of their exercise of free speech rights, and thus subject to the anti-SLAPP statute. Plaintiffs cannot show a reasonable probability of prevailing on any of the challenged causes of action. Accordingly, the Court **GRANTS, IN PART**, Rodriguez Defendants' Anti-SLAPP Motion and **ORDERS** that Plaintiffs' first, second, third, sixth, eighth, and ninth causes of action are **STRICKEN** to the extent they are premised on the protected activity of Rodriguez Defendants' casting Trejo in, creating, producing, and distributing the *Machete* films. *See Baral*, 1 Cal. 5th at 382.

## D. Attorneys' Fees

The Ninth Circuit directed, "[o]n remand, if the district court grants the anti-SLAPP motion, it should consider whether attorney's fees are proper and it should do

so even if it also grants a motion to dismiss." *ITN Flix*, 686 F. App'x at 445. "[A] prevailing defendant on a special motion to strike *shall be* entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). As Rodriguez Defendants prevailed on their anti-SLAPP motion, they are entitled to their attorneys' fees and costs. The parties are **ORDERED** to confer as to the amount of attorneys' fees to be awarded and submit a stipulation within thirty (30) days from the date of this order. Should the parties be unable to reach an agreement, they shall file a joint status report to that effect within thirty (30) days from the date of this order and propose a briefing schedule for a noticed motion.

## V. CONCLUSION

As discussed above, the Court **GRANTS** Rodriguez Defendants' Motion for Ruling (ECF No. 116) and **GRANTS, IN PART**, Rodriguez Defendants' Anti-SLAPP Motion (ECF No. 34).

**IT IS SO ORDERED.**

August 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**